**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mark Edward Hughes,         ) | No. CV 08-2225-PHX-JAT |
| Plaintiff,         ) | **ORDER** |
| vs.         ) |  |
| United States of America; et al.,         ) |  |
| Defendants.         ) |  |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. The Court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Therefore, the Court will do so in this order.

**I.    Legal Standards**

**A.   28 U.S.C. § § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S.

> 25, 33 (1992).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).
> **B.     Rule 8**, **Federal Rules of Civil Procedure**
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
> In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  An example is Form 9 (Complaint for Negligence):
> 1. Allegation of jurisdiction
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> 4. Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.
> *Id.*  "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery.  It can be read in seconds and answered in minutes."  *Id.*  In addition, to satisfy Rule 8, each claim must be stated in a separate count.  *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

As noted above, a complaint does not state of claim if it is irrational or wholly incredible.  *Denton*, 504 at 33.  The *Denton* Court also found dismissal to be appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."

Here, Plaintiff fails to meet the Rule 8 standard because each line of his complaint is a type of injunctive relief he seeks, it is not a "claim."  Further, many of the types of injunctive relief sought by Plaintiff rise to the level of fanciful or delusional.  For example, Plaintiff seeks, "Order FBI Forensic Laboratory Services utilization for Plaintiff. [sic] For positive Bio-Medical/Pharmaceutical, electronic and optic nerve human implantation of the Plaintiff."  Doc. #1 at 2.  Plaintiff also seeks, "Order the Defendants to Cease and Desist any and all human experimentation ... against the Plaintiff."  *Id.*

## II. Leave to Amend

This Court need not grant Plaintiff leave to amend if an amendment would be futile. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). This case is a close question as to whether Plaintiff can possibly cure the deficiencies in the complaint. However, given Plaintiff's pro se status, the Court will give him one opportunity to amend. In filing this amendment Plaintiff MUST,

> make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

If Plaintiff fails to file an amended complaint within the guidelines set forth above and the time limit set forth below, this Court will dismiss this action pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly,

IT IS ORDERED that Plaintiff shall file an amended complaint by January 23, 2009 as specified above.

IT IS FURTHER ORDERED that to the extent the current complaint seeks a TRO, that request is denied.

IT IS FURTHER ORDERED that Plaintiff's motion for a continuance (Doc. #5) is denied.

IT IS FURTHER ORDERED that the motion for In Forma Pauperis status (Doc. #4) remains pending.

DATED this 12th day of December, 2008.

James A. Teilborg
United States District Judge

- 3 -